**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BANGOR SHOE MFG. CO., Inc., Respondent.**

**No. 5994.**

United States Court of Appeals
First Circuit.
Oct. 23, 1962.

Warren M. Davison, Washington, D. C., Atty., with whom Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. General Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Allison W. Brown, Jr., Washington, D. C., Atty., were on brief, for petitioner.

Samuel Leiter, Boston, Mass., with whom Benjamin E. Gordon, Boston, Mass., was on brief, for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

Essentially questions of the credibility of witnesses are presented by this petition for enforcement of an order of the National Labor Relations Board adopting findings and conclusions of a trial examiner that the respondent had violated § 8(a) (1) and (3) of the Labor Management Relations Act, 1947, by coercive interrogation and discriminatory discharges of employees. It is true, as the trial examiner noted in his intermediate report, that in this case there is more than the usual contradiction of witnesses for one side by witnesses for the other, that witnesses on the same side sometimes contradicted one another and on occasion even themselves, and also perhaps, to quote the trial examiner: " * * * more than one witness on one side or the other deliberately gave false testimony."

■ But questions of the credibility of witnesses are for the Board, subject to judicial review only when it oversteps the bounds of reason. That is to say, we can set aside the Board's findings of credibility only when it is evident that it has fallen into a clear mistake. We do not find that situation here.

■ Giving the trial examiner's findings the " * * * weight [that] in reason and in the light of judicial experience they deserve," Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 496 (1951), 71 S.Ct. 456, 469, 95 L.Ed. 456, and respecting the Board's experience and skill, we cannot say that clear error appears in its resolution of questions of credibility. On the contrary, it seems to us that the Board and the trial examiner steered an entirely rational course through unusually confused and conflicting testimony. Substantial evidence in the record considered as a whole supports the Board's findings and conclusions.

■ We also agree with the Board's rejection of the respondent's contention that the trial examiner was guilty of bias and prejudice.

A decree will be entered enforcing the order of the Board.